S. Peter Serrano
United States Attorney
Eastern District of Washington
Bree R. Black Horse
Assistant United States Attorney
402 East Yakima Ave, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAHSHEENA STACIE SAM,<br><br>Defendant. | Case No.: 1:22-cr-02076-MKD-2<br><br>**UNITED STATES'<br>SENTENCING MEMORANDUM** |

Plaintiff United States of America, by and through the United States Attorney for the Eastern District of Washington, S. Peter Serrano, and Bree R. Black Horse, Assistant United States Attorney, submits this Sentencing Memorandum. The Defendant plead guilty pursuant to a plea agreement to Second Degree Murder in Indian Country, in violation of 18 U.S.C. §§ 1111 and 1153. ECF No. 125.

The United States recommends the Court impose an above-Guideline sentence of 300 months (25 years) imprisonment to be followed by 5 years of supervised release and the $100.00 mandatory special penalty assessment. The Defendant likewise recommends

UNITED STATES' SENTENCING
MEMORANDUM - 1
Case No. 1:22-CR-02076-MKD-2

the Court impose a 300-month sentence of imprisonment. *See* ECF No. 160. In recognition of the Defendant's limited work history and unemployment, the United States does not seek a criminal fine in this matter. As of the date of this Sentencing Memorandum, the victim representative has submitted no request for restitution.

The United States anticipates that a victim representative will provide a written and/or oral victim impact statement to the Court at sentencing.

I.  **OFFENSE LEVEL AND CRIMINAL HISTROY**

The draft Presentence Investigation Report ("PSIR") provides for a Total Offense Level of 35 a criminal history category of IV, resulting in a recommended Guideline range of 235 to 293 months incarceration. ECF No. 135 ¶¶ 44, 169, 191. The United States has no objections to the PSIR.

II.  **DEPARTURES**

The United States seeks no departures from the Guidelines in this case.

III.  **SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)**

A sentence of 300 months imprisonment is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the factors listed in 18 U.S.C. § 3553(a). The United States asks the Court to vary upward based on the nature and circumstances of the offense, the seriousness of the offense, promote respect for the law, to provide adequate deterrence, protect the public, and to provide just punishment for this brutal murder.

1.  **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

    a.  **Nature and Circumstances of the Offense**

On the evening of December 25, 2017—Christmas Day—the Defendant and three other individuals were driving around the Yakama Nation Indian Reservation ("Reservation") consuming alcohol. ECF No. 135 ¶ 19. The group picked up D.L., the victim, and the group continued to drive around consuming alcohol. *Id.*; ECF No. 125 at 9. While the group was purchasing more alcohol, one of the individuals in the group learned that D.L. had some money. ECF No. 135 ¶ 20. A short time later, the Defendant assaulted D.L. outside of the vehicle next to a snowy canal ditch on the Reservation and took D.L.'s money. *Id.* ¶¶ 22-24; ECF No. 125 at 9. After the assault, the Defendant departed in the vehicle and left D.L. by the ditch. ECF No. 135 ¶ 20; ECF No. 125 at 9.

After leaving D.L. at the scene of the assault, however, the Defendant became concerned that D.L. would tell her family members about the assault, so the Defendant returned to the canal where she left D.L. armed with a wrench. ECF No. 135 ¶ 20; ECF No. 125 at 9. When the Defendant arrived at the canal, D.L. was trying to hide. *Id.* The Defendant then used a flashlight to follow D.L.'s tracks in the snow until she located D.L. ECF No. 135 ¶ 24; ECF No. 125 at 9. Upon locating D.L., the Defendant beat D.L. to death with the wrench, striking D.L. repeatedly in the head. ECF No. 135 ¶¶ 22-24; ECF

UNITED STATES' SENTENCING
MEMORANDUM - 3
Case No. 1:22-CR-02076-MKD-2

No. 125 at 9. The Defendant left D.L.'s body in the snowy canal ditch where it was discovered a few days later. ECF No. 135 ¶¶ 23-24; ECF No. 125 at 9.

An autopsy performed on D.L. revealed a compression fracture at the base of her skull, a small laceration to her left eyebrow, and three large lacerations on the back of her head. ECF No. 135 ¶ 13. The cause of death was determined to be cerebral trauma due to the skull fracture. *Id.*; ECF No. 125 at 6-7. D.L. was just twenty-three years old at the time the Defendant murdered her. ECF No. 125 at 5.

The nature and circumstances of the offense in this case justify an upward variance. The murder perpetrated by the Defendant was particularly brutal, inspired by greed and fueled by the Defendant's efforts to conceal her own violent behavior. *See* ECF No. 135 ¶¶ 10-25; ECF No. 125 at 6-7. Indeed, after assaulting D.L. and leaving her in a snowy canal ditch on Christmas Day evening, the Defendant later returned then proceeded to beat D.L. to death with a wrench and once more leave her lifeless body in the ditch to be discovered days later. *See id.* Following the filing of the Indictment in this matter and the issuance of an arrest warrant, it appears that the Defendant intentionally evaded law enforcement for several days and fled from law enforcement at the time of her arrest. ECF No. 135 ¶ 24.

      **b.**      **History and Characteristics of the Defendant**

Section 3553(a)(1) directs the Court to consider "the history and characteristics of the defendant" when imposing sentence. "This inquiry is broad, and contains no express

limitation as to what history and characteristics are relevant." *United States v. Thompson*, 130 F.4th 1158, 1166 (9th Cir. 2025) (internal quotations and citations omitted). The Defendant possesses a long criminal history of theft, forgery and assault offenses, obstructing justice. *Id*. ¶¶ 48-126. The Defendant also has a long history of substance abuse involving alcohol and methamphetamine. *Id*. ¶¶ 135, 137, 139, 153-158. The Defendant has seven children, who appear to all have been removed from her custody at varying points in time by Child Protective Services because of neglect and the Defendant's substance abuse. *Id*. ¶¶ 134-140. The Defendant has no meaningful educational, vocational or employment background. *Id*. ¶¶ 159-161.

2. **THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT**

Under 18 U.S.C. § 3553(a)(2)(A), the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. The Defendant's conduct here epitomizes the type of crime that warrants an above-Guideline sentence of 300 months imprisonment. In this case, the murder was not a spontaneous or isolated act of violence; rather, the Defendant deliberately perpetrated a merciless killing motivated by greed and her own desire to conceal her criminal conduct. The Defendant first assaulted D.L. to seal her money and left her in a snowy canal ditch on the evening of Christmas Day. The Defendant then returned to the scene armed with a wrench and beat D.L. to death. This sequence of events illustrates a calculated intent,

greed, and an alarming disregard for human life. D.L. endured a terrifying and violent death at the hands of the Defendant and undoubtedly suffered before she passed. The Defendant's conduct strikes at the very core of community safety and demands a punishment that conveys the gravity of the offense. An above-Guideline sentence of 300 months is therefore justified and necessary to underscore that the justice system will not tolerate acts of calculated, predatory violence, and to promote respect for the law by ensuring that the punishment is proportionate to the magnitude of the crime.

### 3. THE NEED FOR THE SENTENCE IMPOSED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

The Court must consider the need for adequate deterrence and the need to protect the public from future crimes of the defendant when fashioning a criminal sentence. 18 U.S.C. § 3553(a)(2)(B), (C). "The former is aimed at general deterrence in the population, while the latter is aimed at specific deterrence of the defendant." *United States v. Thompson*, 130 F.4th 1158, 1167 (9th Cir. 2025). A sentence of 300 months imprisonment is necessary to achieve both specific and general deterrence and to protect the public from further crimes of the Defendant. The Defendant's actions in this case demonstrate a willingness to engage in escalating violence: first assaulting D.L. to steal her money and then returning with a wrench to beat D.L. to death. Such conduct reflects not only dangerousness, but also a disturbing disregard for lawful authority and human life. Accordingly, an upward variance to 300 months imprisonment is both justified and

UNITED STATES' SENTENCING
MEMORANDUM - 6
Case No. 1:22-CR-02076-MKD-2

necessary to deter others who might be tempted to commit violent crimes for financial gain and to send a clear message that calculated brutality will not be tolerated. Moreover, given the Defendant's demonstrated capacity for lethal violence, the protection of the community requires a substantial period of incarceration to incapacitate her and prevent future harm.

Dated: October 2, 2025

S. Peter Serrano
United States Attorney

*s/ Bree R. Black Horse*
Bree R. Black Horse
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mitchell Crook and Scott Johnson.

<i>s/Bree R. Black Horse</i><br>
Bree R. Black Horse<br>
Assistant United States Attorney